[S. F. No. 5362. In Bank.—March 19, 1910.]

## CHARLES M. FICKERT, Petitioner, v. J. H. ZEMANSKY et al., Respondents.

PRIMARY ELECTION—CANDIDATE NOMINATED BY TWO PARTIES—GENERAL, ELECTION—OFFICIAL BALLOT—MANDAMUS.—Where a candidate for a city and county office was nominated at a primary election by the political party with which he was affiliated, and also by a distinct political party the majority of whose electors wrote his name as a candidate for the same office in the blank line left on the primary ballots for that purpose, he thereby became the regular nominee of both of such parties, and where the board of election commissioners refused to place his name upon the official ballot for the general election as the nominee of both of the parties, mandamus will lie to compel the board to do so.

ID.—ELECTORS OF PARTY NOT CONFINED TO MEMBERS OF SAME PARTY UPON WRITTEN BALLOTS.—The electors of a party are not confined, in writing names upon the blank line upon the ballots, to members of their own party. There is nothing in the Primary Act or in any other act of this state that purports to preclude the nomination of a candidate for office by the electors of one party of a member of another party by the use of such blank lines.

ID.—OBJECT OF PRIMARY LAW.—The whole object of the primary law is to prevent the members of one party from controlling the nomination of candidates by another party; but this object is not defeated by each party's action in determining who shall be the candidates of its own party, though in such determination it may in a lawful manner select as its own candidate a member of another party, though he is likewise regularly nominated by his own party.

APPLICATION for Writ of Mandate to the Board of Election Commissioners of the City and County of San Francisco.

The facts are stated in the opinion of the court.

George Hewlett, and Ira J. Lillick, for Petitioners.

Thomas V. Cator, and Hugh J. McIsaac, for Respondents.

THE COURT.—This was an application for a writ of mandate to compel the board of election commissioners of the city and county of San Francisco, when it prepared the ballots to be used by voters at the general city and county election.

to be held on November 2, 1909, to print the plaintiff's name upon said ballots as the nominee and candidate of the Union Labor Party for the office of district attorney of the said city and county.   Upon the hearing the writ was issued as prayed, but 'we deem it proper for guidance in future cases that the reasons for the decision should be given.

At the primary election previously held, under the primary law of 1909 (Stats. 1909, p. 691), for the nomination of party candidates to be voted for at the November election, no nomination papers had been filed proposing any person as the candidate of the Union Labor Party for district attorney.   On the primary ballot of that party the name of no person was printed as candidate for that office, but a blank line was left thereon as the law directs, whereon a Union Labor voter could write the name of the person whom he desired to nominate as the candidate of his party for that office.   At said primary election divers persons were voted for as the Union Labor candidate for district attorney by thus writing the name on said blank line, and the plaintiff had received the highest number of such votes and was thereby made the candidate of that party for that office.

The board placed its refusal to print plaintiff's name on the general election ballot as candidate of the Union Labor Party upon the admitted fact that plaintiff was a member of the Republican Party and not a member of the Union Labor Party and upon the fact that he had been, at said primary election, duly nominated as the candidate of the Republican Party for the same office.   The theory was that one party cannot, at a primary election, nominate as its own candidate, a member of another party, and that the voter of a party in writing on the blank line placed on the primary ballot for that purpose the name of some person as his nominee for an office, must confine himself to members of his own party.

There is nothing in the Primary Act or in any other law of this state that purports to preclude the nomination as a candidate for office by the electors of one party of a member of another party.   The Primary Act provides for the leaving of a blank space under each group of printed names of candidates, in which the elector may vote for any person whose name is not printed on the ballot by writing his name thereon (sec. 12, subd. 4), and the person receiving the highest num-

ber of votes for the nomination is the nominee of the party, although his name was not printed on the ballot. (Sec. 23.) Nowhere is it intimated that the elector is to be restricted in thus voting to members of his party, a clear distinction in this regard being made as to his right in voting for candidates for nomination for public office and his right in voting for delegates to his party convention, he being restricted in the latter case to "qualified electors of his party." (Subd. 8 of sec. 12.) Section 1366a of the Political Code has no application. The provision therein "nor shall he (the elector) be permitted to vote on behalf of any party or for delegates to the convention of any party other than the party so designated in the registration," simply means that the elector registered as a member of a particular party cannot participate at the primary in the selection of the candidates for any other party. For instance, if he be registered as belonging to the Union Labor Party, he cannot cast any vote upon the question who shall be the Republican or Democratic nominee for any office, or who shall be the delegates to the Republican or Democratic convention, but is confined to the selection of candidates and delegates *for his own party.* This is the whole effect of the provision. Its whole object is to confine the control of a party to the electors thereof, and to prevent electors of another party from interfering with such control.

The question we have here discussed was not involved in *Socialist Party* v. *Uhl,* 155 Cal. 776, [103 Pac. 181]. Nothing said in the opinion in that case warrants the conclusion that an elector voting at his party primary may not write in the blank space placed on the ballot for each office, the name of any person he wishes to have made the nominee of *his* party for that office, regardless of the political affiliations of such person, or that if a person whose name is thus written in receives the highest number of votes therefor at the hands of the electors of that party, he is not the nominee thereof simply because he belongs to another party or is an avowed candidate for a nomination for the same office at the hands of another party. Such a conclusion would find no support in the law.

Therefore petitioner, who, from the showing made here, received the highest number of votes for the Union Labor nomination for district attorney of the city and county of San Fran-

cisco, was the nominee of that party for that office and was entitled to have his name printed on the ballot for the general election as such nominee, notwithstanding that he was a member of the Republican Party and was registered as such, and notwithstanding he was a regular candidate at the primary election for the Republican nomination.